99 F.3d 1139
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GLOBE METALLURGICAL, INC., Plaintiff-Appellant,
v.
HEWLETT-PACKARD COMPANY, et al., Defendants-Appellees,
 No. 95-3394.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1996.
 
 Before: RYAN and NORRIS, Circuit Judges; JOINER, District Judge.*
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 Plaintiff-appellant Globe Metallurgical, Inc. appeals from the orders of the district court granting summary judgment to defendants-appellees Hewlett-Packard Company and Collier-Jackson, Inc. in this lawsuit arising out of the lease of a computer system that failed to perform to plaintiff's satisfaction.
 
 
 2
 Having had the benefit of oral argument and having carefully considered the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting defendants' motions for summary judgment on plaintiff's claims for breach of contract, breach of express and implied warranties, and negligent misrepresentation; and granting defendant Hewlett-Packard's motion for summary judgment on its counterclaims. Because the reasoning which supports judgment for defendants on these claims has been articulated by the district court, the issuance of a detailed written opinion by this court would be duplicative and serve no useful purpose.
 
 
 3
 In addition, the district court did not err in rejecting plaintiff's fraud claim with respect to defendant Collier-Jackson, Inc. on the ground that plaintiff failed to sustain its burden to present affirmative evidence that the statements attributable to Collier-Jackson, Inc. were knowingly false or made with reckless disregard as to their truth or falsity. The district court also did not err in rejecting the fraud claim with respect to defendant Hewlett-Packard because the district court correctly determined that the relevant statements were either non-actionable under California law or could not be introduced into evidence consistent with that state's parol evidence rule.
 
 
 4
 Accordingly, the judgment of the district court is affirmed upon the reasoning employed by that court in its Opinion and Order dated May 18, 1994, and its Opinion and Order dated February 23, 1995.
 
 
 5
 JOINER, District Judge, concurring in part and dissenting in part.
 
 
 6
 My research persuades me to conclude that the warranty disclaimers and integration clauses bar the breach of contract and warranty claims asserted in Counts I, II and III. This unfortunate situation results principally from the fact that no one at Globe carefully read the contracts before they were executed. As the Supreme Court cautioned in Upton v. Tribilcock, 91 U.S. 45, 50 (1875), however, a party's unfamiliarity with contract provisions provides no basis on which to avoid the obligations they contain. Thus, I concur in the majority's affirmance of the grant of summary judgment as to these counts. I also concur in the majority's assessment of Globe's fraud claim against Collier-Jackson. The factual record simply does not support Globe's assertions against Collier-Jackson.
 
 
 7
 Globe's fraud claim against Hewlett-Packard stands on different ground. I would hold that Globe presented sufficient admissible evidence of fraud to withstand Hewlett-Packard's motion for summary judgment. None of the reasons set forth by the district court or the majority supports the dismissal of this claim.
 
 
 8
 A brief recitation of the facts is in order. Hewlett-Packard approached Globe, proposing that Globe lease computer hardware from Hewlett-Packard together with software from Collier-Jackson and Q-Cim Development Laboratories. Hewlett-Packard pitched the hardware and software as an integrated system, one which had certain specific capabilities that would competently address Globe's needs. According to Hewlett-Packard, the software marketed by Collier-Jackson and Q-Cim provided the best fit with Hewlett-Packard's hardware. Combined together, the computer system was represented to be capable of performing specific functions more quickly and efficiently than Globe's existing system.[1] Hewlett-Packard's sales pitch included both oral and written representations, made after Globe's bookkeeping, accounting, payroll and other business needs were explained to Hewlett-Packard's salesman. When the system did not perform as promised, Globe allowed Hewlett-Packard and the software vendors an opportunity to correct the numerous defects, but their efforts failed. Globe then pursued its legal remedies.
 
 
 9
 In dismissing Globe's fraud claim against Hewlett-Packard, the district court characterized the allegedly fraudulent statements at issue as non-actionable statements of opinion, puffing or sales talk, a conclusion with which the majority evidently agrees. Under applicable California law,[2] however, the " 'tendency of the modern cases is to construe liberally in favor of the buyer language used by the seller in making affirmations respecting the quality of his goods and to enlarge the responsibility of the seller to construe every affirmation by him to be a warranty when such construction is at all reasonable.' " Hauter v. Zogarts, 120 Cal.Rptr. 681, 686 n. 7 (Cal.1975) (quoting Lane v. C.A. Swanson & Sons, 278 P.2d 723, 726 (Cal.App.1955)). The statements at issue go far beyond what has traditionally been viewed as mere puffing. Hewlett-Packard did not simply represent that the computer system was "good" or "wonderful," that it would perform as well as the best systems on the market, or that it would improve Globe's record-keeping or management. See Hauter, 120 Cal.Rptr. at 685. Rather, Hewlett-Packard took pains to ascertain Globe's computer needs and then represented that its hardware, together with the vendors' software, were capable of meeting those needs. Confronting a similar situation, the court in APLications, Inc. v. Hewlett-Packard Co., 501 F.Supp. 129 (S.D.N.Y.1980), rejected Hewlett-Packard's claim that it was merely puffing when it represented that a certain computer system would provide "fast response even with multiple users," concluding that the representation concerned the capability of the system. Id. at 131, 136. Likewise, I would hold that the representations at issue here do not constitute mere puffing or sales talk.
 
 
 10
 The district court also held that the allegedly fraudulent representations were inadmissible under California's parol evidence rule. The district court acknowledged that the fraud exception to the parol evidence rule embodied in CAL.CIV.PROC.CODE § 1856(g) expressly permits introduction of evidence to establish illegality or fraud. The court nonetheless held that the evidence in question was inadmissible by virtue of an exception to this exception, the so-called Pendergrass rule which precludes parol evidence that would establish fraud if the statements at issue (1) constitute "promissory fraud," and (2) are directly contradicted by a provision of the written contract. Bank of America Nat'l Trust & Savs. Assoc. v. Pendergrass, 48 P.2d 659 (Cal.1935). Neither requirement of the Pendergrass rule exists here.
 
 
 11
 First, the statements at issue do not constitute promissory fraud as was the case in Pendergrass, where the defendant executed a promissory note payable on demand only after the plaintiff/payee promised not to require payment for at least one year. As explained in Oak Industries, Inc. v. Foxboro Co., 596 F.Supp. 601, 608 (S.D.Cal.1984), promissory fraud exists where the promisor makes a promise without the intention of performing. Promissory fraud stands in contrast to fraud in the inducement, a false statement concerning present facts made to induce the other party to enter into the contract. Thus, the court in Oak Industries held that a representation that a computer system was functional or nearly so constituted fraud in the inducement, not promissory fraud. To like effect is Dunn Appraisal v. Honeywell Information Systems, Inc., 687 F.2d 877, 882 (6th Cir.1982), where this court, applying Ohio law, stated that "[g]eneral representations that data processing equipment will be suitable for a customer's operations, based upon familiarity with both the equipment's capabilities and the customer's needs, are statements concerning present facts." So too the representations at issue constitute fraud in the inducement.
 
 
 12
 Second, in order to be barred by the Pendergrass rule, the allegedly fraudulent statements must be contradicted by a substantive provision of the written contract, not merely by an integration clause or a disclaimer of warranties. Ron Greenspan Volkswagen, Inc. v. Ford Motor Land Dev. Corp., 38 Cal.Rptr.2d 783, 786-90 (Cal.App.1995); Continental Airlines, Inc. v. McDonnell Douglas Corp., 264 Cal.Rptr. 779, 799 (Cal.App.1989); Oak Indus., 596 F.Supp. at 607; Morris v. Harbor Boat Bldg. Co., 247 P.2d 589, 593 (Cal.App.1952). The statements at issue in this case are not contradicted by any substantive provision of the Hewlett-Packard contract, and thus cannot be barred by the Pendergrass exception to the rule permitting introduction of evidence establishing fraud.
 
 
 13
 Finally, Hewlett-Packard contends that Globe waived its fraud claim when it permitted Hewlett-Packard and the software vendors to attempt to correct the defects in the system. Under California law, a party to a contract can waive its right to fraud damages where, with "full knowledge of the facts constituting the fraud," it subsequently affirms the contract with the intention of doing so. Schied v. Bodinson Mfg. Co., 179 P.2d 380, 385 (Cal.App.1947). Whether a party intentionally has waived a fraud claim is a question of fact for the jury. Id. at 386. In this case, the record reflects that Globe may not have been fully aware of the extent of the alleged fraud when it allowed the defendants an opportunity to correct the existing defects. Moreover, while the defendants made concessions not called for in the original contracts, it is evident that these concessions were made so that the system simply would perform as promised. This objective was never realized. On this record, a genuine issue of fact exists as to whether Globe intended to affirm the contract and waive its fraud claim. The district court thus correctly denied Hewlett-Packard's motion for summary judgment on this issue.
 
 
 14
 A fraud claim such as this reflects the commercial reality that a corporation would not spend over $750,000 for a computer system unless it believed that the system would competently and efficiently address its needs. The record before us reflects that Hewlett-Packard ascertained Globe's needs and then represented that it had the right system to meet those needs. Hewlett-Packard carefully omitted those representations from its written contract, however, and now seeks to avoid responsibility for having made them. For its part, Globe simply claims that it would not have entered into the contract absent Hewlett-Packard's representations. As recognized by the California Court of Appeals, this is "no uncommon situation," one evidently contemplated by the parol evidence rule permitting introduction of evidence of fraud. Morris v. Harbor Boat Bldg. Co., 247 P.2d at 592. This is not to say, however, that the record compels a factual finding of fraud. Globe has yet to prove the elements of its cause of action, e.g., the requisite intent, reasonable reliance, and falsity of the representations made. I simply would hold that summary judgment should not have been granted for the reasons stated by the district court and the majority. For these reasons, I would reverse the district court's grant of summary judgment on Globe's fraud claim against Hewlett-Packard, and remand this claim for trial.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 By way of example, Hewlett-Packard represented that the system was capable of generating "heat sheets" containing detailed information about the products manufactured; tracking Globe's manufacturing process through all steps; and generating invoices and consignee bills with variable pricing, discounting, customer pricing and product level pricing. Hewlett-Packard also represented that the vendors' software would require that data be keyed only once, and that the system would perform all of Globe's computer needs more efficiently and at no greater cost than the system Globe was using
 
 
 [2]
 California law applies by virtue of the choice of law provision in the parties' contract. Banek Inc. v. Yogurt Ventures USA, Inc., 6 F.3d 357, 363 (6th Cir.1993); Moses v. Business Card Express, Inc., 929 F.2d 1131, 1139-40 (6th Cir.), cert. denied, 502 U.S. 821 (1991)